**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:25-cr-350 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| GODWIN OBOT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT GODWIN OBOT'S MOTION TO REVOKE ORDER OF DETENTION PENDING TRIAL

Now comes Defendant Godwin Obot, by and through undersigned counsel Robert J. Kolansky, and hereby files this Motion to Revoke Order of Detention Pending Trial of Defendant because conditions exist that will reasonably assure both Mr. Obot's appearance at court proceedings and the safety of the community without the need for Mr. Obot to remain detained.

Respectfully Submitted,

*/s/ Robert J. Kolansky*
Robert J. Kolansky (0104398)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4575
rkolansky@beneschlaw.com

*Attorney for Defendant*

1

**MEMORANDUM IN SUPPORT**

I. **BACKGROUND AND PROCEDURAL HISTORY**

    A. **Background**

Prior to his detention, Mr. Obot was living with his partner, Jennifer, and his two young children in Rosemount, Minnesota. Mr. Obot was the sole provider for his children and supported them by working long hours as an unarmed security guard for Meta, the parent company of Facebook. *See United States v. Obot*, 25-mj-394, ECF No. 16, at 16 (D. Minn. 2025).

    B. **Procedural History**

Mr. Obot was arrested in Rosemount, Minnesota on June 24, 2025, and was temporarily detained in Minnesota. Magistrate Judge Douglas L. Micko of the District of Minnesota held a detention hearing on June 26, 2025, and ordered Mr. Obot to be detained pending trial. *Id.* at 27. That same day, Magistrate Judge Micko entered an Order of Removal for Mr. Obot to be transferred to Ohio pending further proceedings. *United States v. Obot*, 25-mj-394, ECF No. 8 (D. Minn. 2025). On July 9, 2025, he was indicted in Ohio for three counts of Influencing, Impeding, or Retaliating Against a Federal Official by Threats, in violation of 18 U.S.C. § 115(a)(2). *United States v. Obot*, 1:25-CR-350, ECF No. 6 (N.D. Ohio 2025).

II. **ARGUMENT**

    A. **Standard of Review**

A person ordered detained by a Magistrate Judge may appeal his detention by filing a motion for revocation. 18 U.S.C. § 3145(b). District Courts review a Magistrate Judge's release or detention order *de novo*. *United States v. Staudohar*, No. 1:21-CR-00533, 2021 WL 4340069, at *2 (N.D. Ohio, Sept. 23, 2021). The District Court engages in the same analysis with the same

options under 18 U.S.C. § 3142 as the Magistrate Judge. *United States v. Richards*, No. 1:22-CR-00574, 2022 WL 16734516, at *3 (N.D. Ohio Nov. 7, 2022).

      **B.**      **Because conditions exist that would assure both Mr. Obot's presence at future proceedings and the safety of the community, Mr. Obot should not be incarcerated prior to trial.**

"The default position of the law. . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Under the Bail Reform Act, a defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. *Id.* The Government bears the burden of proving detention is warranted:

> "To carry its burden, the United States must prove either (1) by a preponderance of the evidence, that Defendant poses a risk of flight, or (2) by clear and convincing evidence, that he poses a risk to the safety of others and the community. Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable."

§ 3143(b), *see also Staudohar* at *3; *Richards* at *3. To determine if an individual is a flight risk, the Court considers the person's character, physical, and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and record concerning appearance at court proceedings. § 3143(g)(3)(A).

When considering the safety of others and the community, the Court considers the factors listed in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g); *United States v. Spivak*, 555 F. Supp. 3d 541, 547

(N.D. Ohio Aug. 16, 2021). The nature and circumstances of the offense includes whether it involved a firearm. § 3142(g)(1). The weight of evidence against the person is the weight of the evidence of dangerousness, not the weight of evidence of the defendant's guilt. *Stone* at 948. History and characteristics include a person's character, physical and mental condition, employment, family ties, community ties, history related to drug and alcohol abuse, criminal history, and whether the person was on probation or parole. § 3142(g)(3)(A)–(B).

1. **Mr. Obot is not a flight risk.**

For reasons both familial and economic, the risk of Mr. Obot fleeing instead of standing trial on the Government's charges is acceptably low. Prior to his recent detention, Mr. Obot was working long hours at Meta, the parent company of Facebook. The meager funds he earned were all directed to the care of his two children, ages 6 and 7 years old, and household expenses for the residence he shared with his partner. He has no accumulated funds that could be utilized to flee from prosecution. Mr. Obot is a dedicated father, and sole provider, for his two young children. They are currently being cared for by their mother in Atlanta; however, she has never been previously involved in their lives due to substance abuse issues. Mr. Obot wishes to regain custody of his children to promote stability and ensure they are receiving adequate care. There is no evidence in the record that would support any argument by the Government that Mr. Obot is likely to abandon his children to flee prosecution.

Additionally, Mr. Obot's release would allow him to receive the necessary medical treatment for his ongoing health issues. In 2016, Mr. Obot was diagnosed with nasopharyngeal cancer and underwent chemotherapy and radiation until 2017. More recently, a subsequent scan revealed that the cancer metastasized to his lung.[1] Prior to his detention, Mr. Obot was planning

---

[1] Upon review of Mr. Obot's medical records, the current status of the lung nodule is unclear. Regardless, Mr. Obot was actively seeking treatment prior to his detention.

to undergo surgery that would deliver localized radiation to the affected area of his lung. Mr. Obot has been unable to receive this treatment and is concerned that the cancer could further spread.

In lieu of further detention, there are multiple conditions of release that would assure Mr. Obot's appearance at future proceedings. Mr. Obot's preference is to be placed in home detention in his residence in Rosemount, Minnesota. The medical facility where Mr. Obot was receiving treatment is also located in Minnesota. If remaining in Ohio were a condition of his release, Mr. Obot would need the Court's support in finding lodging in the area. Regardless of location, Mr. Obot's priority will be to cooperate with the Court's orders and schedule to clear his name, attend to his medical concerns, and resume working to support his family.

Mr. Obot is not a flight risk and should not be subject to pretrial detention.

## 2. Mr. Obot is not a threat to the safety of others or the community.

Mr. Obot should be released from detention because, on balance, the four factors outlined in § 3142(g) weigh in favor of his release, and the Government cannot show by clear and convincing evidence that he poses a risk to the safety of others and the community. *Staudohar* at *3.

Mr. Obot is accused of threatening a federal official via electronic communications. The alleged threats occurred between 2023 and 2024. At no point was there any contact outside of the alleged electronic communications between the defendant and the alleged victim. In fact, the defendant moved from where the alleged victim is located to an entirely different state. The Government cannot show that the alleged threats were anything but hollow, nor that they posed real danger. Further supporting this argument is the Government's lack of urgency in arresting Mr. Obot. The Government was notified of the alleged threats and began investigating the case in September 2024. It wasn't until June 20, 2025, that an arrest warrant was obtained and another

four days passed before the warrant was executed. Had the Government believed that Mr. Obot was such a threat to the safety of others, they could have – and should have – acted faster. The Government did not, and Mr. Obot should be released pending trial.

Additionally, the Court has numerous conditions it may impose to ensure the safety of others and the community. In addition to the home detention previously discussed, the Court may limit Mr. Obot's phone and internet access. *See generally United States v. Campbell*, No. 1:25-CR-00040-(2), 2025 WL 2045626 (S.D. Ohio July 2025); *United States v. Moss*, No. 1:24-CR-66-3, 2024 WL 4328939 (S.D. Ohio Sept. 2024) (demonstrating that courts may impose restrictions on devices for pretrial release).

The history and characteristics of Mr. Obot further weigh in favor of his release. Prior to his arrest, Mr. Obot was a productive member of society. He has a bachelor's and master's degree in business and has been gainfully employed for most of his life. Mr. Obot worked diligently to provide a stable home for his two children. He desperately wishes to be released from custody so that he may resume providing for his children who solely rely on him as their parental figure, and to properly attend to his serious medical conditions.

For these reasons, the factors set forth in § 3142(g) weigh in favor Mr. Obot's release from detention.

### III. CONCLUSION

"Consistent with the Constitution's protection of liberty and the presumption of innocence, federal law favors release." *Staudohar* at *3. Less restrictive means than incarceration, like electronic monitoring and home detention, would be sufficient to ensure Mr. Obot's attendance at court and the safety of others and the community. Because Mr. Obot is neither a flight risk nor do the § 3142(g) factors weigh in favor of detention, the Court should

6

revoke the order of detention pending trial. Mr. Obot respectfully requests that the Court schedule a hearing on this matter as soon as possible.

                                                Respectfully Submitted,

                                                */s/ Robert J. Kolansky*
                                                Robert J. Kolansky (0104398)
                                                **BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
                                                127 Public Square, Suite 4900
                                                Cleveland, OH 44114
                                                Telephone: (216) 363-4575
                                                rkolansky@beneschlaw.com

                                                *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Robert J. Kolansky
Robert J. Kolansky (0104398)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
127 Public Square Suite 4900
Cleveland, OH 44114-1304
rkolansky@beneschlaw.com
Telephone: (216) 363-4575
*Attorney for Defendant Godwin Obot*